EDWARD HAN (SBN 196924)
edward.han@orrick.com
MOLLY MCCAFFERTY (SBN 325439)
mmccafferty@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

KEVIN M. ASKEW (SBN 238866)
kaskew@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

*Attorneys for Defendants*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIČARDAS BARDAUSKAS, derivatively on behalf of JASPER THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. MARTELL, HERBERT C. CROSS, EDWIN TUCKER, SCOTT BRUN, KURT VON EMSTER, VISHAL KAPOOR, SVETLANA LUCAS, CHRISTIAN W. NOLET, JUDITH SHIZURU, and TOM WIGGANS,<br><br>Defendants,<br><br>- and -<br><br>JASPER THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No. 5:25-cv-09561-BLF<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO STAY ACTION**<br><br>Judge: Honorable Beth Labson Freeman<br>Date Action Filed: November 5, 2025 |

Plaintiff Ričardas Bardauskas ("Plaintiff"), defendants Ronald A. Martell ("Martell"), Herbert C. Cross ("Cross"), Edwin Tucker ("Tucker"), Scott Brun, Kurt von Emster, Vishal Kapoor, Svetlana Lucas, Christian W. Nolet, Judith Shizuru, and Tom Wiggans (the "Individual Defendants"), and nominal defendant Jasper Therapeutics, Inc. ("Jasper" or the "Company" and, with the Individual Defendants, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, stipulate as follows:

WHEREAS, on November 5, 2025, Plaintiff filed the above-captioned putative shareholder derivative action (the "Derivative Action"), purportedly on behalf of Jasper, asserting claims for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against the Individual Defendants and Martell, Cross, and Tucker for contribution under Sections 10(b) and 21D of the Exchange Act (ECF No. 1);

WHEREAS, on November 7, 2025, service of process was executed against Jasper (ECF No. 6);

WHEREAS, on November 26, 2025 (the agreed "Date of Service"), the Parties filed a stipulation providing that, absent further stipulation or court order, Defendants will have 60 days from the Date of Service to answer or otherwise respond to the complaint filed in this Derivative Action ("Complaint") (ECF No. 11);

WHEREAS, a related putative securities class action lawsuit, filed on September 19, 2025 and captioned *Grant v. Jasper Therapeutics, Inc., et al.*, Case No. 5:25-cv-08010-BLF (the "Related Securities Class Action"), is currently pending in this Court against Jasper and Martell, Cross, and Tucker, alleging violations of Sections 10(b) and 20(a) of the Exchange Act based on substantially the same facts and circumstances at issue in the Derivative Action;

WHEREAS, on December 1, 2025, the defendants in the Related Securities Class Action filed an administrative motion to consider whether this Derivative Action is related to the Related Securities Class Action (ECF No. 12), which the Court granted on December 2, 2025 (ECF No. 13);

WHEREAS, on December 4, 2025, the Court set an Initial Case Management Conference in this Derivative Action for April 2, 2026 and set the deadline for the Case Management Statement as March 26, 2026 (ECF No. 15);

WHEREAS, the defendants in the Related Securities Class Action anticipate filing motion(s) to dismiss the Related Securities Class Action;

WHEREAS, the outcome of the anticipated motion(s) to dismiss the Related Securities Class Action will be informative and relevant to the litigation of this Derivative Action;

WHEREAS, in the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties agree that the Court should stay this Derivative Action pending the Court's ruling(s) on the anticipated motion(s) to dismiss the Related Securities Class Action;

WHEREAS, the Parties have agreed that, during the stay of this Derivative Action, Defendants shall not be required to answer or otherwise respond to the Complaint or any amended complaint;

WHEREAS, the Parties have further agreed that, consistent with the stay of this Derivative Action, all existing deadlines (including any case management conference) established in this Derivative Action should be vacated or continued until after the stay of this Derivative Action is terminated;

NOW, THEREFORE, the Parties, by and through their undersigned counsel, hereby agree and stipulate, and respectfully request that the Court order as follows:

1. This Derivative Action (including all discovery) shall be stayed until the final resolution of any and all motions to dismiss (which includes the exhaustion of any and all related appeals) in the Related Securities Class Action. This supersedes any prior or other deadlines to respond to the Complaint.

2. All existing deadlines (including any case management conference) in this Derivative Action are vacated pending the final resolution of any and all motions to dismiss (which includes the exhaustion of any and all related appeals) in the Related Securities Class Action.

3. If this stipulated stay is terminated, the Parties shall meet and confer and within thirty (30) days of the termination submit a proposed scheduling order governing any further

proceedings in this Derivative Action, including the date by which Defendants must answer or otherwise respond to the Complaint.

4. During the stay, Defendants shall promptly notify Plaintiff of any related derivative action, request to inspect Jasper's books and records related to the matters at issue in this action, and any demand that Jasper's Board of Directors pursue claims related to those asserted in the Derivative Action.

5. Defendants shall also promptly notify Plaintiff in the event any related derivative action that may be filed is not stayed for a similar or longer duration than this Derivative Action.

6. If a related derivative action is not stayed for a similar or longer duration than this Derivative Action, Plaintiff may terminate the stay no earlier than fourteen (14) days after providing notice to undersigned counsel for Defendants via email.

7. Defendants shall inform Plaintiff promptly of and endeavor to include Plaintiff in any mediation and in any formal settlement talks between the parties in the Related Securities Class Action. If a mediation is held in the Related Securities Class Action, Defendants shall either: (i) invite Plaintiff to participate in person or remotely in such mediation, subject to Defendants seeking permission from the Court and/or other parties to the mediation, as well as any insurers; or (ii) mediate with Plaintiff at or around the same time. If settlement talks are held in the Related Securities Class Action, Defendants shall either: (i) invite Plaintiff to participate in such settlement talks, subject to Defendants seeking permission from the Court and/or other parties to the settlement talks, as well as any insurers, or (ii) engage in settlement talks with Plaintiff at or around the same time.

8. Defendants shall inform Plaintiff promptly of and include Plaintiff in any mediation and in any formal settlement talks between the parties in any related derivative action or any related threatened derivative actions (including books and records demands and litigation demands).

9. During the stay, Defendants shall promptly produce to Plaintiff any documents produced to a shareholder who made a books and records demand under 8 *Del. C.* § 220 relating to the subject matter of this Derivative Action, provided Plaintiff presents proof of stock ownership and enters into a reasonable confidentiality agreement or protective order with the same terms on

which the demanding shareholder received the documents but permitting Plaintiff to use such documents solely in this Derivative Action.

10. Notwithstanding the stay of this Derivative Action, Plaintiff may file an amended complaint, although Defendants are under no obligation to respond to the amended complaint during the pendency of the stay.

11. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay, if such appointment by the Court has not already been made.

12. This stipulation is without prejudice to any and all defenses that Defendants may assert in this Derivative Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiff may assert in this Derivative Action.

**IT IS SO STIPULATED.**

Dated: December 11, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Edward Han*

EDWARD HAN
edward.han@orrick.com
MOLLY MCCAFFERTY
mmccafferty@orrick.com
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

\- and -

KEVIN M. ASKEW
kaskew@orrick.com
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

*Attorneys for Defendants Ronald A. Martell, Herbert C. Cross, Edwin Tucker, Scott Brun, Kurt Von Emster, Vishal Kapoor, Svetlana Lucas, Christian W. Nolet, Judith Shizuru, Tom Wiggans, and Nominal Defendant Jasper Therapeutics, Inc.*

Dated: December 11, 2025

THE BROWN LAW FIRM, P.C.

By: */s/ Robert C. Moest*

Robert C. Moest (SBN 62166)
RMoest@aol.com
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897

\- and -

Timothy Brown (*Pro Hac Vice Forthcoming*)
tbrown@thebrownlawfirm.net
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Attorneys for Plaintiff Ričardas Bardauskas*

***

**ATTESTATION OF CONCURRENCE**

I, Edward Han, attest pursuant to Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: December 11, 2025

*/s/ Edward Han*
EDWARD HAN

***

## [~~PROPOSED~~] ORDER

Based on the stipulation of the signed Parties, and good cause appearing, IT IS HEREBY ORDERED that the Stipulation is approved.

**IT IS SO ORDERED.**

DATED: December 12, 2025

HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE